**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**



| | |
|---|---|
| MARC ABRAMS, *On Behalf of Himself and All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>DELL INC., KEVIN B. ROLLINS and JAMES M. SCHNEIDER,<br><br>Defendants. | Civil Action No. A-06-CA-726-SS |
| STEVEN KLEIN, *On Behalf of Himself and All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>DELL INC., KEVIN B. ROLLINS and JAMES M. SCHNEIDER,<br><br>Defendants. | Civil Action No. A-06-CA-770-SS |

**THE PENSION FUND GROUP'S MOTION TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

**PAGE(S)**

PRELIMINARY STATEMENT..................................................................................................1

STATEMENT OF FACTS .......................................................................................................2

      A.     The Company .................................................................................................2

      B.     The Pension Fund Group.................................................................................2

      C.     Summary of Allegations..................................................................................3

ARGUMENT ...........................................................................................................................4

I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED .......................................4

II.    THE PENSION FUND GROUP SHOULD BE APPOINTED LEAD PLAINTIFF .........4

      A.     The PSLRA's Requirements for the Selection of a Lead Plaintiff .........................4

      B.     The Pension Fund Group Satisfies the PSLRA's Requirements For Selection as
            Lead Plaintiff.................................................................................................5

            1.     The Pension Fund Group Has The Largest Financial Interest Of The
                  Plaintiffs Who Have Come Forward In This Class, And Are
                  The Type Of Institutional Investors Favored By The PSLRA....................6

            2.     The Pension Fund Group Satisfies The Requirements Of Rule 23.............7

                (a).    The Pension Fund Group's Claims
                      Are Typical Of The Class' Claims...............................................7

                (b).    The Pension Group Will Adequately
                      Represent The Interests Of The Class...........................................8

III.   THE COURT SHOULD APPROVE THE PENSION FUND
      GROUP'S CHOICE OF COUNSEL ..........................................................................9

CONCLUSION ......................................................................................................................10

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*In re Alcatel Alsthom,*
No. MDL 1263,1999 WL 33756548 (E.D. Tex. 1999)...................................................... 7

*Barrie v. Intervoice-Brite, Inc.,*
No. 3:01-CV-1071, 2006 WL 2792199 (N.D. Tex. Sept. 26, 2006).................................. 8

*In re Cardinal Health, Inc. Sec. Litig.,*
226 F.R.D. 298 (S.D. Ohio 2005) ................................................................................... 9

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002)........................................................................................... 9

*Glauser v. EVCI Center Colleges Holding Corp.,*
236 F.R.D. 184 (S.D.N.Y. 2006) .................................................................................... 5

*Gluck v. CellStar Corp.,*
976 F. Supp. 542 (N.D. Tex. 1997)............................................................................... 5, 7

*Krim v. PCOrder.com, Inc.,*
No. A 00 CA 776 SS, 2001 WL 862628 (W.D. Tex. May 14, 2001).............................. 4, 6

*Lightbourn v. County of El Paso,*
118 F.3d 421 (5th Cir. 1997)........................................................................................... 7

*Netsky v. Capstead Mortg. Corp.,*
No. 3:98-CV-1716, 2000 WL 964935 (N.D. Tex. Jul 12, 2000)...................................... 5

*Thompson v. Shaw Group, Inc.,*
No. 04-1685, 2004 WL 2988503 (E.D. La. Dec. 14, 2004).............................................. 6

*In re Universal Access Inc. Sec. Litig.,*
209 F.R.D. 379 (E.D. Tex. 2002)..................................................................................... 7

## STATUTES

15 U.S.C. § 78u-4(a)(3)(A) ................................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................*passim*

Fed. R. Civ. P. 23(a)............................................................................................... 2, 7, 8

Fed. R. Civ. P. 42(a).................................................................................................. 1, 4

## OTHER AUTHORITIES

1 H. Newberg, *Newberg on Class Actions* § 3.13 (3d ed. 1992) ...................................... 7

Stichting Pensioenfonds ABP ("ABP"), Mississippi Public Employees' Retirement System ("Mississippi PERS"), Sjunde AP-Fonden ("AP7") and Pensionskassernes Administration A/S ("PKA") (collectively, the "Pension Fund Group" or "Movants") hereby move, pursuant to Fed. R. Civ. P. 42(a), to consolidate the above-captioned securities fraud class actions (the "Related Actions")[1] filed against Dell, Inc. ("Dell" or the "Company"), and other defendants, and to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Pension Fund Group further moves for the approval of their selection of the law firms of Grant & Eisenhofer P.A. and Schiffrin & Barroway, LLP as Lead Counsel for the putative Class.

## PRELIMINARY STATEMENT

As set forth herein, the Pension Fund Group is comprised of large, institutional investors that are precisely the types of entities that Congress envisioned, when drafting the PSLRA, as the most adequate plaintiffs to lead securities fraud class actions. In addition, the Pension Fund Group members collectively lost $87.93 million as a result of their purchases during the Class Period of nearly 19 million Dell shares (ABP purchased 17.036 million shares during the Class Period and lost $68.035 million; Mississippi PERS purchased 1,033,860 shares and lost $12,048,821; AP7 purchased 304,462 shares and lost $3,927,287; PKA purchased 462,787 shares and lost $3,920,169), demonstrating that the Pension Fund Group has the largest financial interest in this litigation and rendering them presumptively the most adequate lead plaintiffs

---

[1] The Related Actions, *Abrams v. Dell, Inc. et al.*, No. 06-cv-726-SS (W.D. Tex. filed Sept. 13, 2006) and *Klein v. Dell, Inc. et al.*, A-06-CA-770-SS (W. D. Tex. filed Sept. 27, 2006) each describe a class period that runs from February 13, 2003 to September 8, 2006 (the "Class Period"). These lawsuits name Dell and several executives of the Company as defendants and assert claims under Section 10(b) and Section 20(a) of the Securities and Exchange Act. A third action titled *Klein v. Rollins*, No. 06-cv-00746-SS (W.D. Tex. filed Sept. 20, 2006) was dismissed on October 23, 2006.

under the PSLRA.[2]  In addition to being the most adequate lead plaintiffs under the PSLRA, the Pension Fund Group also preliminarily satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its members can adequately represent the interests of all class members and their claims are typical of those of the putative Class. Additionally, the Court should approve the Pension Fund Group's selection of Grant & Eisenhofer P.A. and Schiffrin & Barroway, LLP as Lead Counsel as these firms are amply qualified to prosecute this action.

## STATEMENT OF FACTS

### A.    The Company

Dell designs, develops, manufactures, markets, sells, and supports a broad range of information technology systems and services.  Dell's principal executive offices are located in Round Rock, Texas.  The Company's common stock trades on the NASDAQ National Market under the symbol "DELL."

### B.    The Pension Fund Group

The Pension Fund Group is comprised of four large institutional investors based in the United States and abroad.  ABP is an entity established under the laws of the Kingdom of the Netherlands and is the pension fund for public employees in the governmental and education sectors in the Netherlands.  With assets amounting to nearly €200 billion, ABP is one of the three largest public pension funds in the world.  Mississippi PERS is the retirement system for nearly all non-federal public employees in the state of Mississippi and provides benefits to over 60,000

---

[2] The sworn certifications for the members of the Pension Fund Group detailing their relevant transactions and demonstrating their qualifications pursuant to the federal securities laws are attached as exhibits to the Declaration of Geoffrey C. Jarvis, ("Jarvis Decl.) contained in the Appendix:  Certification of Rene Maatman, Legal Counsel of ABP, Ex. A; Certification of Special Assistant Attorney General and Chief of Staff, Geoffrey Morgan for Mississippi PERS, Ex. B; Certification of Richard Gröttheim, Vice Executive Director of AP7, Ex. C; Certification of Annegrete Birck Jakobsen and Michael Nellemann Pedersen, Directors of PKA, Ex. D.

retirees, and future benefits to more than 250,000 current and former public employees. Mississippi PERS currently manages approximately $20 billion on behalf of its members. AP7 was established by Sweden's Parliament for the purpose of managing a portion of the pension assets of the citizens of Sweden. It currently manages approximately $9 billion on behalf of its members. PKA, Denmark's largest administration company, manages and administers occupational pension funds for Danish citizens in the public social and health sectors. It currently manages approximately $18 billion on behalf of its constituent funds.

## C.    Summary of Allegations

The filing of the instant securities fraud class action lawsuits followed revelations that (a) Dell had hid from investors (for a period of one year) that it had received notice from the Securities and Exchange Commission ("SEC") that the agency was conducting an informal investigation of the Company relating to revenue recognition and other accounting and financial reporting matters for certain past fiscal years; and (b) the United States Attorney for the Southern District of New York had subpoenaed documents related to the Company's financial reporting from 2002 to the present. According to the Company, these investigations pertained to potential issues "relating to accruals, reserves and other balance sheet items." Shortly after these revelations, Dell announced that its quarterly financial reports for the third quarter of 2006 would be delayed.

Shares of Dell, which were trading at $39.73 per share at the close of trading on August 10, 2005 (at or about the time of the initiation of the SEC investigation), stood at $22.73 per share by the close of trading on August 16, 2006 (the day prior to Dell's initial disclosure of the SEC investigation). This represents a loss in market capitalization of $38.59 billion. The Company's stock price continued to decline as news of the SEC and U.S. Attorneys' probes

reached the market. By the close of trading on September 11, 2006, Dell's stock price stood at $21.19 per share.

**ARGUMENT**

I.    **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Fed R. Civ. P. 42(a) permits courts to consolidate actions involving "common issues of law or fact." *See Krim v. PCOrder.com, Inc.,* No. A 00 CA 776 SS, 2001 WL 862628 (W.D. Tex. May 14, 2001) (consolidating securities fraud actions involving common questions of law and fact). The Related Actions are ideally suited for consolidation. Here, both of the Related Actions assert essentially similar and overlapping claims for violations of Sections 10(b) and 20(a) of the Exchange Act and are brought on behalf of putative Class members who purchased or otherwise acquired Dell securities purchased in reliance on the allegedly false and misleading statements and omissions at all relevant times during the Class Period. Accordingly, all the Related Actions should be consolidated under Rule 42(a).

II.    **THE PENSION FUND GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

A.    **The PSLRA's Requirements for the Selection of a Lead Plaintiff**

Under the PSLRA, any member or members of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Consistent with its legislative history, the PSLRA provides that the court shall make a significant presumption when determining the "most capable" plaintiff:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –

4

(aa)  has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  This presumption, favoring the movant with the largest financial interest, manifests Congress' intent to place control of securities litigation in the hands of large institutional investors like the Pension Fund Group.  *See, e.g., Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) (noting that "through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors"); *Netsky v. Capstead Mortg. Corp.*, No. 3:98-CV-1716, 2000 WL 964935, at *5 (N.D. Tex. Jul. 12, 2000) (recognizing that "Congress has expressed its preference for securities fraud litigation to be directed by large institutional investors"); *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (noting that the "PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (citation omitted).

## B.    The Pension Fund Group Satisfies the PSLRA's Requirements For Selection as Lead Plaintiff

The Pension Fund Group is comprised of exactly the type of large institutional investors envisioned by Congress as the most adequate lead plaintiff in securities class action lawsuits. Further, the Pension Fund Group has timely filed this motion[3] in accordance with the statutory requirements and has the resources, expertise and the willingness to be fully involved in this

---

[3] The plaintiff in the first filed action *Abrams v. Dell Inc. et al.*, No. 06-cv-726-SS (W.D. Tex. filed Sept. 13, 2006), published a notice of the lawsuit on *Business Wire* on September 13, 2006. *See* Jarvis Decl. at Ex. G. Pursuant to the PSLRA, class members had 60 days, or until November 13, 2006, to timely move for appointment as lead plaintiff.

litigation and to obtain the maximum possible compensation for class members. Accordingly, the Pension Fund Group should be appointed as Lead Plaintiff and their selection of Lead Counsel should be approved.

1.    **The Pension Fund Group Has The Largest Financial Interest Of The Plaintiffs Who Have Come Forward In This Class, And Are The Type Of Institutional Investors Favored By The PSLRA**

Although the PSLRA does not mandate a particular method for calculating financial interest, this Court has, in the past looked at total shares purchased and total losses in determining the greatest financial interest. *Krim*, 2001 WL 862628, at *2 (appointing group with "largest number of shares of pcOrder.com stock, as well as the greatest estimated loss of the three competing groups."). *See also Thompson v. Shaw Group, Inc.*, No. 04-1685, 2004 WL 2988503, at *4 (E.D. La. Dec. 14, 2004) (looking at total shares purchase, total losses and other factors in determining the greatest financial loss).

Here, the Pension Fund Group collectively purchased 18.84 million shares of Dell common stock during the Class Period and lost more that $87 million. *See* Jarvis Decl. at Exs. A-D. The Pension Fund Group's purchases and calculated losses are as follows: ABP purchased 17.036 million shares and lost $68.035 million; Mississippi PERS purchased 1.033 million shares and lost $12.048 million; AP7 purchased 304,462 shares and lost $3.927 million; and PKA purchased 462,787 shares and lost $3.920 million. Based on a review of the pending complaints, the Pension Fund Group does not believe any other moving plaintiff has a larger financial interest in this litigation.

6

### 2.      The Pension Fund Group Satisfies The Requirements Of Rule 23

Section 21D(a)(3)(B)(iii)(cc) of the PSLRA further provides that the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc).  Of the four prerequisites of class certification under Rule 23(a), only two – typicality and adequacy of representation – directly address the characteristics of the lead plaintiff under the PSLRA which must be satisfied.  *In re Alcatel Alsthom*, No. MDL 1263, 1999 WL 33756548, at \*2 (E.D. Tex. Jun. 7, 1999) (noting that "Of more relevance to this inquiry, the rule requires that the representative parties demonstrate that their claims and defenses are typical of the claims and defenses of the class and that the representative party will fairly and adequately protect the interests of the class."); *In re Universal Access Inc. Sec. Litig.*, 209 F.R.D. 379, 385 (E.D. Tex. 2002) (stating that the Court should defer examination of the remaining requirements until the lead plaintiff moves for class certification).  At this stage of the litigation, however, only a preliminary Rule 23 inquiry is required.  *See, e.g., Gluck*, 976 F. Supp. at 546 ("A comprehensive reading of the [PSLSA] reveals that, at this stage of the proceedings, [the proposed lead plaintiff] need only make a preliminary showing that it satisfies these requirements.")    Nevertheless, the Pension Fund Group meets both applicable requirements.

#### (a).     The Pension Fund Group's Claims Are Typical Of The Class' Claims

Fed. R. Civ. P. 23(a)(3) requires that "the claims . . . of the representative parties" be "typical of the claims . . . of the class."  "Typicality focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent." *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997); *see also* 1 H. Newberg, *Newberg on Class Actions* § 3.13 (3d ed. 1992) ("When it is alleged that the

same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met regardless of minor variations in fact patterns underlying individual claims"). Here, the Pension Fund Group's claims arise from the same course of conduct from which the claims of all other class members arise: the artificial inflation of Dell's securities caused by the misrepresentations regarding the Company's financial health, which were knowingly and deliberately made by the defendants, and the ensuing decline of the securities' values when the defendants' fraud was revealed. The Pension Fund Group is not subject to any unique or special defenses. Thus, their claims are in all respects "typical" of the claims of the putative Class.

### (b).    The Pension Fund Group Will Adequately Represent The Interests Of The Class

Rule 23(a)(4)'s requirement of adequate representation is satisfied if "1) there are no conflicts of interest between them and the class they seek to represent; 2) Lead Plaintiffs have the willingness and ability to play an active role in the litigation and vigorously represent the class, while protecting the interests of the absentee class members; and 3) that the class counsel has the competence and ability to vigorously conduct the litigation." *Barrie v. Intervoice-Brite, Inc.*, No. 3:01-CV-1071, 2006 WL 2792199, at *4 (N.D. Tex. Sept. 26, 2006). Here, the Pension Fund Group's interests are the same as those of other class members. Like other class members, the Pension Fund Group seeks to hold Defendants liable for the consequences of their violations of the federal securities laws. There are no facts which indicate any conflicts of interest between the Pension Fund Group and other class members. Given their large financial losses as a result of the defendants' fraud, there should be no question about the zeal by which the Pension Fund Group will prosecute this action.

8

Further, the Pension Fund Group has the resources and sophistication to fulfill the statutory role of Lead Plaintiff. Each member of the Pension Fund Group has a large and dedicated staff, including both investment and legal professionals, with the legal, financial and organizational expertise to effectively oversee this proceeding and direct the actions of Lead Counsel. Indeed, the members of the Pension Fund Group have already initiated and participated in a conference call to discuss litigation strategy as well as their joint prosecution of this case. Accordingly, the Pension Fund Group clearly represents the type of engaged and cohesive group contemplated by the PSLRA and preferred by courts. *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 307 (S.D. Ohio 2005) (appointing group of four institutions as lead plaintiff because "it is comprised of a small group of investors, each of whom is a sophisticated investor."). Finally, as demonstrated below, the Pension Fund Group's selected counsel are amply qualified to represent the Class.

## III. THE COURT SHOULD APPROVE THE PENSION FUND GROUP'S CHOICE OF COUNSEL

Pursuant to § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v) of the PSLRA, the Pension Fund Group selected and retained competent and experienced counsel to represent the Class, subject to the Court's approval. This Court should not disturb the Pension Fund Group's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002) ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff"). In that regard, the Pension Fund Group has selected and retained the law firms of Grant and

9

Eisenhofer P.A. and Schiffrin & Barroway, LLP as Lead Counsel for the putative Class.  Both firms are among the preeminent securities class action law firms in the country with extensive experience prosecuting securities fraud class actions.  *See* Biographies of Grant and Eisenhofer P.A. and Schiffrin & Barroway, LLP attached to the Jarvis Decl. at Ex. E & F, respectively.  Most relevant, the firms are currently serving together as lead counsel in two of the largest securities class actions in the country – Tyco International and Delphi – and therefore can efficiently prosecute this case to avoid duplicative effort.  Accordingly, the Court should approve the Pension Fund Group's selection of Lead Counsel for the Class.

### CONCLUSION

In light of the foregoing, the Pension Fund Group respectfully requests that the Court (i) consolidate the Related Actions; (ii) appoint the Pension Fund Group to serve as Lead Plaintiff in this consolidated action; and (iii) approve Pension Fund Group's selection of Grant and Eisenhofer P.A. and Schiffrin & Barroway, LLP as Lead Counsel for the Class.

Dated: November 13, 2006

Respectfully submitted,

LAW OFFICES OF DIRK JORDAN
Dirk Jordan (Bar No. 00784359)
PO Box 50204
Austin, Texas 78763
Tel: (512) 320-8343
Fax: (512) 708-9203

*Proposed Liaison Counsel for the Class*

SCHIFFRIN & BARROWAY, LLP
Richard S. Schiffrin
Stuart L. Berman
Darren J. Check
Sean M. Handler
280 King of Prussia Rd.
Radnor, PA 19087
Tel:    (610) 667-7706
Fax:    (610) 667-7056

GRANT & EISENHOFER P.A.
Jay W. Eisenhofer (JE-5503)
45 Rockefeller Center
630 Fifth Avenue
New York, New York  10111
Tel: (212) 755-6501
Fax: (212) 755-6503

and

GRANT & EISENHOFER P.A.
Geoffrey C. Jarvis
Sharan Nirmul
Naumon A. Amjed
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
*Counsel for the Pension Fund Group and
Proposed Lead Counsel for the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 13, 2006, I caused The Pension Fund Group's Motion to Consolidate Actions, To Be Appointed Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel to be filed manually with the Clerk of Court and that service by overnight mail was made upon the following individuals:

**Arthur L. Shingler, III**
Scott & Scott, LLC
600 B Street
Suite 1500
San Diego, CA 92101

**David R. Scott**
Scott & Scott, LLC
108 Norwich Ave.
P.O. Box 192
Colchester, CT 06415

**Theodore C. Anderson, III**
**Wilmer D. Masterson, III**
Kilgore & Kilgore
3109 Carlisle
Dallas, TX 75204

**Joe Kendall**
Provost Umphrey
3232 McKinney Ave.
Suite 700
Dallas, TX 75204

**Stacey Kaplan**
**Mary K. Blasy**
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP

655 West Broadway, Suite 1900
San Diego, CA 92101

**Willie C. Briscoe**
Provost & Umphrey Law Firm, LLP
3232 McKinney Avenue
Suite 700
Dallas, TX 75204

**Thomas R. Jackson**
Jones Day
2727 North Harwood Street
Dallas, TX 75201
(214)220-3939

**Marc I. Gross**
**Stanley Grossman**
Pomerantz Haudek Block Grossman &
Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017

**Patrick V. Dahlstrom**
Pomerantz Haudek Block Grossman &
Gross LLP
One North LaSalle Street, Suite 2225
Chicago, IL 60602

Dated:  November 13, 2006

Naumon A. Amjed