business, operations and earnings, it is plain that the Section 10(b) Defendants either had actual knowledge of the misrepresentations and omissions alleged or were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

784.   As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Dell common stock was artificially inflated during the Class Period, and upon the discovery and/or unwinding of the Section 10(b) Defendants' fraud, the market price of Dell common stock declined. In ignorance of the fact that market prices of Dell's publicly-traded common stock were artificially inflated, and relying directly or indirectly on the false and misleading statements made by the Section 10(b) Defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by the Section 10(b) Defendants but not disclosed in public statements by the Section 10(b) Defendants during the Class Period, Lead Plaintiff and the other members of the Class acquired Dell common stock during the Class Period at artificially high prices and were damaged when the price of Dell common stock plummeted when the Section 10(b) Defendants' fraud was revealed.

785.   At the time of the Section 10(b) Defendants' knowing and intentional misrepresentations and omissions, Lead Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Lead Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Dell was experiencing, which were not disclosed by the Section 10(b) Defendants, Lead Plaintiff and other members of the Class would not have purchased or otherwise acquired Dell common stock, or, if they had

acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

786. By virtue of the foregoing, the Section 10(b) Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

787. As a direct and proximate result of the Section 10(b) Defendants' wrongful conduct, Lead Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's common stock during the Class Period.

**COUNT TWO**
**Violation Of Section 20(a) Of The Exchange Act**
**Against Defendants Michael Dell, Rollins, and Schneider**
**(collectively, the "Section 20(a) Defendants")**

788. Lead Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

789. This count is asserted against the Section 20(a) Defendants by Lead Plaintiff on behalf of itself and all members of the Class for violations of Section 20(a) of the Exchange Act.

790. Defendant Dell committed a primary violation of Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, by making false and misleading statements of material fact, in connection with the purchase and sale of securities, which were relied upon by Lead Plaintiff and all other members of the Class to their determent (as described herein). At the time these false and misleading statements were made, Dell knew or was reckless in not knowing the falsity of such statements.

791. The Section 20(a) Defendants acted as controlling persons of Dell within the meaning of Section 20(a) of the Exchange Act. By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC

301

and disseminated to the investing public, the Section 20(a) Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of Dell, including the content and dissemination of the various statements which Lead Plaintiff and the Class contend are false and misleading. The Section 20(a) Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Lead Plaintiff and the Class to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

792. In particular, each of the Section 20(a) Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

793. As set forth above, the Company violated Section 10(b) and Rule 10b-5 by its acts and omissions as alleged in this Complaint. By virtue of their positions as controlling persons, the Section 20(a) Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of the Section 20(a) Defendants' wrongful conduct, Lead Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

### COUNT THREE
**Violation Of Section 20A Of The Exchange Act
Against Defendants Michael Dell, Rollins, and Schneider
(collectively, the "Section 20A Defendants")**

794. Lead Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

795.  Lead Plaintiff asserts this claim on behalf of all persons who purchased Dell common stock contemporaneously with the Section 20A Defendants' sales of Dell common stock. This claim is brought pursuant to Section 20A of the Exchange Act.

796.  The Section 20A Defendants were in possession of material non-public information about Dell, its operations, finances, financial condition and reporting, accounting practices and business model. The Section 20A Defendants exploited this material non-public information regarding the Company to make millions of dollars in insider trading profits during the Class Period. These transactions were made while the Section 20A Defendants had knowing possession of material non-public information. The Section 20A Defendants' transactions in Dell common stock were made contemporaneously with Lead Plaintiff's and other Class members' purchases of Dell common stock during the Class Period.[20]

797.  All members of the Class who purchased shares of Dell common stock contemporaneously with sales by the Section 20A Defendants: (i) have suffered substantial recoverable damages because, in reliance on the integrity of the market, they paid artificially inflated prices as a result of the violations of Section 10(b) and 20(a) of the Exchange Act as alleged herein; and (ii) would not have purchased the securities at the prices they paid, or at all, if they had been aware that the market prices had been artificially inflated by the Section 20A Defendants' materially false and misleading statements and/or affirmative concealment of material facts. At the time of Lead Plaintiff's and the other Class members' purchases of Dell

---

[20] By way of example, on August 23, 2004, Defendant Michael Dell sold 1,000,000 shares of Dell common stock. On the very same day, Lead Plaintiff, through "UniGlobalTitans 50" (one of several funds that Lead Plaintiff manages), purchased 61,000 shares of Dell common stock.

303

common stock, the fair and true market value of these securities was substantially less than the price paid by Lead Plaintiff and/or these other Class members.

798.    Under Section 20A of the Exchange Act, the Section 20A Defendants are liable to Lead Plaintiff and the Class for all profits gained and losses avoided by them as a result of any contemporaneous transactions.

## XVI.   PRAYER FOR RELIEF

WHEREFORE, Lead Plaintiff prays for relief and judgment, as follows:

A.  Declaring this action to be a proper Class action pursuant to Fed. R. Civ. P. 23;

B.  Awarding compensatory damages against all Defendants, jointly and severally, in favor of Lead Plaintiff and the proposed class for all losses and damages suffered as a result of Defendants' wrongdoing alleged herein, in an amount to be determined at trial, together with interest thereon;

C.  Awarding Lead Plaintiff its reasonable costs and expenses incurred in this action, including a reasonable allowance of fees for Lead Plaintiff's attorneys and experts; and

D.  Awarding Lead Plaintiff such other and further relief as the Court may deem just and proper.

## XVII.  JURY DEMAND

Lead Plaintiff demands a trial by jury as to all issues so triable.

Dated: January 11, 2008

Respectfully submitted,

*[signature]*

Don L. Davis, Esq.
**BYRD DAVIS FURMAN**
707 West 34th Street
Austin, TX 78705-11294
(512) 454-3751 Phone
(512) 451-5857 Fax

**MOTLEY RICE LLC**
Ronald L. Motley, Esq.   (admitted *pro hac vice*)
Joseph F. Rice, Esq.     (admitted *pro hac vice*)
Ann K. Ritter, Esq.      (admitted *pro hac vice*)
James M. Hughes, Esq.    (admitted *pro hac vice*)
P.O. Box 1792
28 Bridgeside Blvd
Mount Pleasant, SC 29464
(843) 216-9000 Phone
(843) 216-9450 Fax

Counsel for Lead Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of January 2008, I personally delivered the foregoing document to the following:

| | |
|---|---|
| Lin Hughes<br>Patton G. Lochridge<br>**MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.**<br>600 Congress Avenue, Suite 2100<br>Austin, Texas 78701<br>(512) 495-6000<br>(512) 505-6093 (Fax) | Brian Strother Greig<br>Peter Andrew Stokes<br>**FULBRIGHT & JAWORSKI, L.L.P.**<br>600 Congress Ave., Suite 2400<br>Austin, TX 78701<br>(512) 536-4510<br>(512) 536-4598 (Fax) |
| Michael L. Davitt   VIA MAIL<br>Thomas R. Jackson<br>Patricia J. Villareal<br>Greg L. Weselka<br>**JONES DAY**<br>2727 North Harwood Street<br>Dallas, TX 75201<br>(214) 220-3939<br>(214) 969-5100 (Fax) | |

I hereby certify that on this the 11th day of January 2008, I delivered the foregoing document via Federal Express – Priority Delivery to the following:

| | |
|---|---|
| Ramzi Abadou<br>Mary K. Blasy<br>William S. Lerach<br>Darren J. Robbins<br>Stacey Kaplan<br>**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>(619) 231-1058<br>(619) 231-7423 (Fax) | Joe Kendall<br>Willie C. Briscoe<br>Hamilton Lindley<br>**PROVOST & UMPHREY LAW FIRM, LLP**<br>3232 McKinney Avenue, Suite 700<br>Dallas, TX 75204<br>(214) 744-3000<br>(214) 744-3015 (Fax) |

| | |
|---|---|
| Richard M. Heimann<br>Bruce W. Leppla<br>Daniel P. Chiplock<br>Robert G. Eisler<br>Steven E. Fineman<br>**LIEFF, CABRASER, HEIMANN & BERNSTEIN LLP**<br>275 Battery Street, 30th Floor<br>San Fransisco, CA  94111-3339<br>(415) 956-1000<br>(415) 956-1008 (Fax) | Sharan Nirmul<br>Jay W. Eisenhofer<br>Jonathan Margolis<br>Naumon A. Amjed<br>Geoffrey C. Jarvis<br>**GRANT & EISENHOFER**<br>485 Lexington Avenue, 29th Floor<br>New York, NY  10017 |
| Roger L. Mandel<br>**ROGER L. MANDEL, ATTORNEY AT LAW**<br>3100 Monticello Avenue, Suite 750<br>Dallas, TX  75205<br>(214) 443-4300<br>(214) 443-0358 (Fax) | Joseph F. Brophy<br>**BISHOP LONDON BROPHY & DODDS, PC**<br>3701 Bee Caves Road, Suite 200<br>Austin, TX  78746<br>(512) 479-5900<br>(512) 479-5934 (Fax) |
| Eric T. Chaffin<br>Christopher A. Seeger<br>Stephen A. Weiss<br>Michael Farkas<br>**SEEGER WEISS, LLP**<br>One William Street<br>New York, NY  10004<br>(212) 584-0700 | Ian Berg<br>Christopher L. Nelson<br>Katharine M. Ryan<br>Darren J. Check<br>**SCHIFFRIN & BARROWAY LLP**<br>280 King of Prussia Road<br>Radnor, PA  19087<br>(610) 667-7706 |
| Dirk Jordan<br>**LAW OFFICE OF DIRK JORDAN**<br>PO Box 50204<br>Austin, TX  78763-3288<br>(512) 320-8343<br>(512) 708-9203 (Fax) | Larry F. York<br>Mary F. Keller<br>**YORK, KELLER AND FIELD, L.L.P.**<br>816 Congress Ave., Suite 1670<br>Austin, TX  78701-2442<br>(512) 867-1616<br>(512) 867-1617 (Fax) |
| Leonard Barrack<br>Chad A. Carder<br>Jeffrey W. Golan<br>Mark R. Rosen<br>**BARRACK, RODOS & BACINE**<br>3300 Two Commerce Square<br>2001 Market St.<br>Philadelphia, PA  19103 | Martin D. Chitwood<br>Nikole M. Davenport<br>Meryl W. Edelstein<br>Gregory E. Keller<br>Robert W. Killorin<br>Michael R. Peacock<br>**CHITWOOD HARLEY HARNES LLP**<br>2300 Promenade II<br>1230 Peachtree Street NE<br>Atlanta, GA  30309 |

| David Kessler<br>Stuart L. Berman<br>Sean M. Handler<br>Richard Schiffrin<br>**SCHIFFRIN & BARROWAY LLP**<br>280 King of Prussia Road<br>Radnor, PA  19087 | |

Dated this 11th day of Jan, 2008

_____
Don L. Davis