UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re Dell Inc. Securities Litigation | § § § § | Case No. A-06-CA-726-SS |

## MOTION TO APPOINT ADDITIONAL CLASS COUNSEL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW STEVEN G. SCHULEMAN, M.D., a member of the putative class who objected to the proposed settlement between Plaintiffs and Defendants, and requests that the Court appoint additional counsel to represent those members of the class who owned fewer than 1,500 shares of Dell Inc. common stock that are included in the class.

1. **Dell admits that the overwhelming majority of class members are small individual shareholders such as Dr. Schuleman.**

In its supplemental submission filed in support of its request that the Court find the proposed settlement to be fair, Dell notes that "roughly 32,000" of "the approximately 33,000 shareholders" "of record" hold 1,500 or fewer shares. Thus, the overwhelming majority of the class members are individuals with small holdings, such as Dr. Schuleman, rather than the large institutional investors such as Union Asset Management, the class representative. Although everyone present at the Fairness Hearing agreed that the Court has the discretion to reallocate the Common Fund no one actually suggested to the Court what a fair reallocation would be. Understanding now that 97% of the class members hold less than 1,500 affected shares and these small investors will presumably

get nothing given the *di minimus* bar instituted by Plaintiff's Lead Counsel and Dell, Inc., there is obvious need for these small investors to have an informed voice capable of advising the Court regarding a fair reallocation that addresses their interests.

2. **Class counsel admitted their bias for the institutional investors, such as Union Asset Management - the client they represented coming into the class action.**

Although the fairness hearing produced almost no evidence addressing the settlement, the allocation or the claims procedures, the argument of class counsel established that the interests of the smaller shareholders such as Dr. Schuleman were not adequately represented during the negotiations that led to the settlement. Additionally, the class notice provided established the lack of fairness as it relates to the smaller shareholders and that the large institutional investors are favored in two facets of the claims procedures – the filing of claims electronically and the required supporting documentation.

During the fairness hearing, class counsel repeatedly demonstrated their favoritism for the large institutional investors such as their client coming into the class – Union Asset Management – when they negotiated the settlement, allocation of the settlement, and the claims procedures. For example, class counsel admitted to having considered redefining the class to eliminate the small shareholders while negotiating the settlement. That admission alone should create serious doubt as to the adequacy of the representation afforded the smaller shareholders. The final terms of the claims procedures confirms the problem.

The notice sent to the class clearly explained that the large institutional investors could file their claims electronically and were only required to submit as supporting

documentation a signed statement on letterhead that the information was accurate. In contrast, the smaller shareholders were required to provide actual account statements or similar documentation to support their claims. The United States government permits both individuals and institutions to submit information such as W-2 forms either electronically or by mail. Surely, the smaller shareholders could have been offered the same opportunity as the larger members of the class. Nor can there be any reasonable explanation for requiring the smaller shareholders to track down account statements or similar documentation while allowing the larger class members to simply jot a quick note on letterhead. It is clear that class counsel negotiated preferential treatment for the large institutional investors.

3.   **The Court should appoint class counsel to represent the smaller shareholders.**

The proposed settlement, allocation and claims procedures demonstrate that the smaller shareholders such as Dr. Schuleman were not adequately represented during the negotiations that led to the proposed settlement. The disparate treatment is apparent in both the claims procedures negotiated by class counsel, and addressed above, and the fact that no one could explain for the Court or Dr. Schuleman how the arbitrarily-imposed $10 *de minimus* claim bar will affect the class, and all of its members. Obviously, the interests and concerns of the smaller shareholders were given little attention, if any at all.

Given the fact that the overwhelming majority of the class members are smaller shareholders, they should have had a voice at the table. Had they been represented, it is doubtful that such inherently biased claims procedures would have been presented to the Court. Class counsel's offer during the hearing to accept Dr. Schuleman's claim under the procedures noticed for the large institutional investors is not enough. There are

32,000 similarly situated smaller shareholders who did not hear counsel's offer. Those absent members might welcome the opportunity to submit claims pursuant to the simplified procedures. Similarly, they might choose to submit their claims electronically, just as the large institutional class members were permitted to do. Because the class as currently noticed and proposed cannot be approved, and further negotiations will be required if there is any desire to create a fair class settlement, the Court should appoint counsel for the smaller shareholders such as Dr. Schuleman to represent their interests in establishing the final terms of the settlement, allocation and claims procedures.

### Prayer

WHEREFORE, PREMISES CONSIDERED, STEVEN G. SCHULEMAN, M.D., a member of the putative class, respectfully requests that the Court appoint additional counsel to represent those members of the class who owned fewer than 1,500 shares of Dell Inc. common stock that are included in the class, and such other and further relief, both at law and in equity, to which he is entitled.

Respectfully submitted,

Jason J. Thompson
Thompson & Thompson, PC
SBN 00791791
3510 N. St. Marys, Suite 100
San Antonio, Texas 78212
(210) 736-2575
(210) 736-1498 facsimile

RYAN G. ANDERSON
Sate Bar No. 00783546
McCLENAHAN, ANDERSON & STRYKER, PLLC
70 NE Loop 410, Suite 970
San Antonio, Texas 78216
Telephone: (210) 572-7900
Facsimile: (210) 572-7901

ATTORNEYS FOR CLASS MEMBER<br>STEVEN G. SCHULEMAN, M.D.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to the following counsel of record on this the 7th day of June, 2010:

_____<br>Jason J. Thompson