IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2010 JUL 20 PM 4: 36
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

*In re:*

DELL INC., SECURITIES LITIGATION

Case No. A-06-CA-726-SS

## FINAL JUDGMENT

BE IT REMEMBERED on the 10th day of June 2010, the undersigned entered its order approving the proposed settlement and the award of expenses and attorney's fees, and thereafter, on July 1, 2010, the parties filed a proposed final judgment and order of dismissal of this litigation with prejudice, and there being no filed objections to the same, the Court enters the following final judgment:

This matter came before the Court for hearing on May 21, 2010, on the application of the Lead Plaintiff for approval of the settlement set forth in the Stipulation of Settlement dated as of November 20, 2009 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as assigned to them in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class and only as to those shares specifically identified by them in their requests for exclusion, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Settlement Class Members, and as against each and all of the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement, as set forth in the Stipulation and as modified in the Court's June 11, 2010 Order ("Order"), and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Settlement Class and each of the Settlement Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Settlement Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating this settlement, (a) a Settlement Class of all Persons who purchased or otherwise acquired the common stock of Dell Inc., directly or

beneficially, between May 16, 2002 and September 8, 2006, inclusive, and who were damaged thereby; and (b) Lead Plaintiff as the representative of the Settlement Class. Excluded from the Settlement Class are Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice; Defendants; PricewaterhouseCoopers LLP; the officers and directors of Dell Inc. and PricewaterhouseCoopers LLP during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants or PricewaterhouseCoopers LLP have or had a controlling interest during the Settlement Class Period.

6. With respect to the Settlement Class, this Court finds, solely for the purposes of effectuating this settlement, that (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by the Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7. Upon the Effective Date, the Lead Plaintiff does, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release. Any and all Claims for contribution or other similar causes of action are permanently barred, enjoined, and finally discharged (a) as provided by 15 U.S.C. § 78u-4(f)(7)(A), and (b) as may be provided by other applicable federal or state statute or common law.

8. All Settlement Class Members are hereby forever barred and enjoined from prosecuting any Released Claims against any and all Released Persons.

9. Upon the Effective Date, the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Defendants' Claims (including Unknown Claims) against each and all of the Settlement Class Members and Lead Counsel.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances to all Persons entitled to such notice, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

11.     The Order addressed the Plan of Allocation ("Plan") submitted by Lead Counsel and the application for attorneys' fees and expenses ("Fee Application"). The Order as it pertains to the Plan and the Fee Application shall in no way disturb or affect this Judgment and shall be considered separately from the Judgment. Without affecting the foregoing, as of the date hereof, the Order shall constitute a final judgment as it pertains to the Plan and the Fee Application.

12.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties as a presumption, a concession, or an admission of or evidence of, any fault, liability or wrongdoing or of the validity of any Released Claims or Released Defendants' Claims; or (b) is or may be offered or received as evidence or otherwise used by any person in these or any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms of the Stipulation or orders or judgments issued by the Court in connection with the settlement. Released Persons, Lead Plaintiff, Lead Counsel, and/or any Settlement Class Member may file the Stipulation and/or this Judgment in any action (a) that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or (b) to enforce or otherwise effectuate the terms of the Stipulation or orders or judgments issued by the Court

in connection with the settlement, such Claims being excluded from the releases contained herein.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Action, Lead Plaintiff and all Defendants, and each of their respective counsel, at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

SIGNED this the 20th day of July 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE