FILED

NOV 0 5 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In Re Dell, Inc. Securities Litigation | Case No. A-06-CA-726-SS |

### [PROPOSED] ORDER CONCERNING DISTRIBUTION OF NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS AND RELATED MATTERS

WHEREAS Lead Plaintiff, Union Asset Management AG, on behalf of the Settlement Class,[1] has moved this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order:

1. Authorizing the Claims Administrator, the Garden City Group ("GCG" or the "Claims Administrator"), to distribute the Net Settlement Fund to Authorized Claimants;

2. Barring all Claimants, whether or not they are to receive payment from the Net Settlement Fund, from asserting any Released Claim or making any further claim against the Released Persons, Lead Plaintiff, Lead Counsel, the Claims Administrator or the Net Settlement Fund, other than the amount, if any, allocated to them by the Stipulation of Settlement and Plan of Allocation as approved by the Court;

3. Rejecting as deficient the eight claims identified in ¶ 55 of the Affidavit of Stephen J. Cirami, and ruling that those Claimants are not entitled to recovery from the Net Settlement Fund because they (a) made a net market profit on their purchases and sales of Dell, Inc. common stock during the Settlement Class Period; (b) did not purchase or did not provide verification of purchases of Dell,

---

[1] Capitalized terms that are not defined herein have the same meaning assigned to them in the Stipulation of Settlement.

   Inc. common stock during the Settlement Class Period; or (c) did not incur a Recognized Loss as defined by the Plan of Allocation;

4.  permitting the destruction of Proof of Claim forms and related documents after a set period of time consistent with ¶ 64e. of the Affidavit of Stephen J. Cirami; and

5.  authorizing the donation of any residual, unclaimed balance of the Settlement Fund to the American Red Cross, consistent with ¶ 5.2(d) of the Stipulation of Settlement.

The Court has reviewed Lead Plaintiff's Motion and the accompanying Affidavit of Stephen J. Cirami and good cause appearing therein, the Court hereby ORDERS as follows:

1.  The Motion is granted in its entirety.

2.  GCG shall distribute the Net Settlement Fund forthwith to Authorized Claimants, consistent with the Plan of Allocation of the Net Settlement Fund and this Court's previous orders.

3.  All Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from asserting any Released Claim or making any further claim against the Released Persons, Lead Plaintiff, Lead Counsel, the Claims Administrator or the Net Settlement Fund other than the amount, if any, allocated to them by the Settlement Agreement as approved by the Court.

4.  Eight putative Settlement Class Members seek judicial review of the Claims Administrator's determination that their Proofs of Claim were deficient. Based on ¶ 55 of the Affidavit of Stephen J. Cirami, the Court understands that of these eight Claimants:

 a.  two actually profited from their purchases and sales of Dell, Inc. common stock;

 b.  three either did not document their purchases of Dell, Inc. common stock or purchased their shares outside of the Settlement Class Period; and

 c.  three did not have a Recognized Loss during the Settlement Class Period.

The Court has reviewed the Claims Administrator's conclusions contained in the Affidavit of Stephen J. Cirami and holds that each of these Claimants is not entitled to any distribution from the Net Settlement Fund for the reasons stated therein.

5. The Court approves distribution plan outlined in the Affidavit of Stephen J. Cirami as consistent with the Stipulation of Settlement and the Plan of Allocation that this Court previously approved and this Court's previous Orders.

6. One year after distribution of the Net Settlement Fund, GCG may destroy any paper copies of the proof of claim forms and all related documentation. Three years after distribution GCG may destroy any electronic copies of the same.

7. Following the distribution of the Net Settlement Fund to Authorized Claimants, any residual, unclaimed balance of the Net Settlement Fund shall be donated to the American Red Cross.

IT IS SO ORDERED.

Dated: Austin, Texas November 5, 2012

*Sam Sparks*
THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE